**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
SARAH BELL,                                  :
                                             :  Civil Action No.: 3:23-cv-1008 (DNH/ML)
                Plaintiff,      :
                                             :
v.                                           :  **COMPLAINT**
                                             :
MAGUIRE CHRYSLER LLC, and                    :
GABRIEL RUGIERO                              :  **JURY TRIAL DEMANDED**
                                             :
                Defendants.     :
------------------------------------------------------x

Plaintiff Sarah Bell ("Plaintiff") by and through her attorneys, Mizrahi Kroub LLP, as and for her complaint against Defendant Maguire Chrysler LLC ("Maguire Chrysler" or the "Company"), and Gabriel Rugiero ("Rugiero") (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. In recent years, the #MeToo movement has increased public awareness of sexual harassment against women, including and especially at the workplace. Unfortunately, women at Maguire Chrysler are still objectified, and Ms. Bell experienced egregious sexual harassment and assault while working for the Company.

2. Maguire Chrysler's work environment is hostile to women and is permeated by unlawful conduct, making it unsafe for female employees. The Company overlooked a sexual predator in its midst despite knowing of his illegal behavior and permitted Ms. Bell to be sexually assaulted, regularly harassed, and emotionally abused.

## ADMINISTRATIVE PROCEDURES

3. Plaintiff will file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation, in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* She will seek leave to file an Amended Complaint once she has exhausted her administrative remedies.

4. All other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including employment practices alleged herein, occurred in this district.

## PARTIES

7. Plaintiff Sarah Bell is a former employee of Maguire Chrysler. At all relevant times, Ms. Bell met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

8. Defendant Maguire Chrysler LLC is a Chrysler car dealership with offices in Ithaca, New York, and Watkins Glen, New York. Maguire Chrysler was formed and exists under the laws of New York and is registered as a domestic limited liability company with the New York Department of State. At all relevant times, Maguire Chrysler met the definition of "employer" and/or "covered employer" under all relevant statutes.

9. Defendant Garbiel Rugiero worked for Defendant Maguire Chrysler.

2

**FACTUAL ALLEGATIONS**

10. In or around June 2022, Maguire Chrysler hired Plaintiff as a Parts Department Associate at its Ithaca location. Her job duties included getting all orders out to commercial customers, putting trucks away, accounting, stocking, cleaning, answering phones, ordering parts, and handling daily orders.

11. On Plaintiff's first day at work, her supervisor, Parts Department Manager Preston Elkins, informed her that a mechanic she would be working with, Gabriel Rugiero, had a reputation for sexually harassing female employees.

12. Rugiero's sexually harassing comments and conduct were common knowledge at Maguire Chrysler; in fact, it was commonly known at Maguire Chrysler that Rugiero was sexually harassing female staff members, but the Company did not take preventative or corrective measures.

13. Because Maguire Chrysler allowed Rugiero to sexually harass and abuse women, Mr. Elkins specifically warned Plaintiff to not be nice to Rugiero because he would "take it the wrong way." Therefore, Maguire Chrysler had knowledge of Rugiero's conduct yet refused to address it.

14. On Plaintiff's third day of work, Tyler (last name unknown), the Company's female Human Resources ("HR") Representative, said to Plaintiff, "Thank god they hired another female, because now I'll get left alone." Plaintiff asked Tyler what she meant by that, and Tyler explained that she was being sexually harassed by Rugiero and she hoped that Rugiero would now target a different female employee – Ms. Bell.

15. Plaintiff was shocked that even the Company's HR representative was aware that Rugiero sexually harassed female employees unabated.

16. Between June and August 2022, Rugiero made sexual advances and sexually harassing comments to Ms. Bell on a daily basis at work, multiple times per day.

17. Rugiero regularly walked over from the shop next door to the Parts Department, where Plaintiff worked, and made sexually harassing comments including, "Oh my god, I'd hit that and I'd hit that hard," "I'm going to take you home to my wife," and "Hey beautiful, how are you?"

18. Plaintiff regularly objected to Rugiero's sexually harassing comments in the presence of her supervisor, Mr. Elkins.

19. In response to Plaintiff's objections, Mr. Elkins laughed at Rugiero's sexually harassing comments along with Plaintiff's male co-workers, Alex, Shayne, and Tim (last names unknown).

20. Plaintiff asked Mr. Elkins numerous times to address the comments being made to her, but he refused.

21. Instead, the conduct worsened after her repeated complaints.

22. In August 2022, Rugiero sexually assaulted Plaintiff at work by grabbing her inner thigh. Shocked and appalled, Plaintiff immediately moved away from Rugiero.

23. Plaintiff reported the sexual assault to the Company's HR Manager, Megan Walker, the next day.

24. Rugiero was finally terminated — but only after he sexually assaulted Plaintiff and after the Company had tolerated his prolonged course of sexually harassing behavior towards Plaintiff and other female employees.

25. Unfortunately, the unlawful conduct at the Company continued. The morning after Plaintiff reported Rugiero's sexual assault, Mr. Elkins told her "Good thing you didn't report it to

the GM [referring to General Manager Ukiah Krauss] because he would've just said 'boys will be boys.'"

26. Plaintiff was horrified to hear that both her manager and the General Manager tolerated and condoned sexual harassment in the workplace.

27. In fact, Plaintiff's co-workers, Alex, Shayne, and Tim also regularly made harassing comments to Plaintiff in the presence of her supervisor, Mr. Elkins, because she complained about the sexual harassment and assault.

28. For example, after Rugiero was terminated for sexually assaulting Plaintiff, Alex, Shayne, and Tim would regularly tell her, "Hey, your boyfriend Gabe says hi," referring to Plaintiff's sexual assaulter and former coworker, Rugiero.

29. Moreover, Alex, Shayne, and Tim taunted and retraumatized Plaintiff by purposely bringing Rugiero up in conversation and telling her where he worked after he was terminated by the Company. Those frequent comments to Plaintiff about Rugiero were made in front of Mr. Elkins, who simply laughed in response.

30. Further worsening Ms. Bell's work environment, Plaintiff's coworkers made repeated comments about Plaintiff's known medical conditions – epilepsy and related memory loss issues.

31. Alex, Shayne, and Tim frequently berated Plaintiff for her disability, telling her "You can't be this retarded" and "You don't have a disability" – while they knew about Plaintiff's medical condition.

32. Those comments about her medical condition were made in front of Mr. Elkins approximately three to four times per week until Plaintiff's termination.

33. In September 2022, Plaintiff was considering getting a service animal to replace her previous one, and Mr. Elkins mocked her and said, "If you get a goat as a service animal, I will find a reason to fire you."

34. On February 15, 2023, Mr. Elkins made yet another denigrating comment about Plaintiff's disability, stating, "You can't possibly be this retarded."

35. On February 17, 2023, Plaintiff complained to Ms. Walker about Mr. Elkins's discriminatory comments. Within one hour of complaining about Mr. Elkins's discriminatory remarks, the Company terminated Plaintiff, supposedly for performance issues related to a mistake she allegedly made a month earlier.

36. For the entire duration of Plaintiff's employment by Maguire Chrysler, she was improperly classified as an exempt worker and regularly worked more than 40 hours per week without being paid any overtime wages.

37. As a result of the Company's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the Company's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

**FIRST CAUSE OF ACTION**
**(Hostile Work Environment, Sexual Harassment and Gender Discrimination Under the NYSHRL)**
*Against All Defendants*

39. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

40. Defendants have discriminated against Plaintiff on the basis of her gender in violation of the NYSHRL by subjecting Plaintiff to disparate treatment based upon her gender

6

including, but not limited to, subjecting her to sexual assault, harassment, discrimination, and a hostile work environment.

41. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

42. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of the NYSHRL)**
*Against All Defendants*

43. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

44. By the actions described above, among others, Defendants retaliated against Plaintiff in violation of the NYSHRL after she complained of the sexual assault at the hands of Defendant Rugiero Rugiero.

45. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

46. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (Negligence, Negligent Supervision and Negligent Retention)
*Against Defendant Maguire Chrysler*

47. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

48. Defendant Maguire Chrysler owed Plaintiff a duty of reasonable care in the supervision and retention of its employees.

49. Defendant Maguire Chrysler did breach that duty of care in the retention and/or supervision of Defendant Rugiero who was unfit to be employed and who was not adequately supervised during his employment.

50. Defendant Maguire Chrysler knew, or should have known, that Defendant Rugiero had previously sexually harassed and/or assaulted other female employees during the course of his employment.

51. Defendant Maguire Chrysler failed to take any remedial action against Defendant Rugiero, allowing his conduct to continue unabated, which directly allowed his sexual assault of Plaintiff to occur.

52. Defendant Maguire Chrysler knew or reasonably should have known that Defendant Rugiero was unfit and a potential danger to other female employees, yet Defendant Maguire Chrysler continued to employ Defendant Rugiero with a conscious disregard of the rights or safety of others, including Plaintiff, to warrant the imposition of punitive damages.

53. Defendant Maguire Chrysler knew or should have known that its negligence and breach of duty of care would cause or had a substantial probability of causing severe emotional distress to Plaintiff, and in fact did cause her severe emotional distress.

8

54. Accordingly, Plaintiff is entitled to recovery against Defendant in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Assault)
*Against Defendant Gabriel Rugiero*

55. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

56. The sexual acts committed intentionally by Defendant Rugiero against Plaintiff and without her consent, including, but not limited to, his sexual assault of Plaintiff, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person.

57. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain, inter alia, physical injury, monetary damages, pain and suffering, psychological and emotional distress, and humiliation.

58. Defendant Rugiero's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

### FIFTH CAUSE OF ACTION
### (Battery)
*Against Defendant Gabriel Rugiero*

59. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

60. The sexual acts committed intentionally by Defendant Rugiero against Plaintiff and without her consent, including, but not limited to, his sexual assault of Plaintiff, constitutes a harmful and offensive contact to Plaintiff's person.

61. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will sustain in the future, inter alia, physical injury, monetary damages, pain and suffering, psychological and emotional distress, mental anguish, embarrassment, and humiliation.

62. Defendant Rugiero's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, et seq.)
*Against Defendant Maguire Chrysler*

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

65. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

66. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

67. Defendants' decision not to pay overtime was willful.

68. Plaintiff seeks damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
*Against Defendant Maguire Chrysler*

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to pay Plaintiff the proper overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

71. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for all work in excess of forty hours per workweek.

72. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

73. Defendants' decision not to pay overtime was willful.

74. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and New York State;

B. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons

11

acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

  C. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

  D. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

  E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, reputational harm and harm to professional reputation, in an amount to be determined at trial, plus prejudgment interest;

  F. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

  G. Prejudgment interest on all amounts due;

  H. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law;

  I. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 17, 2023
New York, New York

                                    Respectfully submitted,

                                    **MIZRAHI KROUB LLP**

By: _/s/ Edward Kroub_

Edward Kroub
Sagar K. Shah (*pro hac vice* motion to be filed)
225 Broadway, 39th Floor
New York, NY 10007
Telephone: (212) 595-6200
ekroub@mizrahikroub.com
sshah@mizrahikroub.com
*Counsel for Plaintiff*