UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────

SARAH BELL,

                Plaintiff,

        -v-                                   3:23-CV-1008 (AJB/ML)

MAGUIRE CHRYSLER LLC and
GABRIEL RUGIERO,

                Defendants.
───────────────────────────────

**Hon. Anthony Brindisi, U.S. District Judge:**

## DECISION and ORDER

**I.    INTRODUCTION**

On August 17, 2023, Sarah Bell ("plaintiff") filed this action asserting violations of the Fair Labor Standards Act (the "FLSA"), the New York Labor Law (the "NYLL"), and the New York State Human Rights Law (the "NYSHRL"), along with common law claims for assault, battery, and negligent supervision and retention against her former employer, Maguire Chrysler LLC ("Maguire Chrysler"), and a former coworker, Gabriel Rugiero ("Rugiero"). Dkt. No. 1. This matter was initially assigned to U.S. District Judge David N. Hurd.

Broadly, plaintiff alleges that, while working as an automobile parts advisor at Maguire Chrysler, Rugiero sexually harassed and assaulted her, and Maguire Chrysler negligently supervised and retained Rugiero, subjected her to a hostile work environment, retaliated against her for reporting Rugiero's misconduct, and failed to pay her overtime wages. *See* Dkt. No. 1.

The complaint asserts one federal claim for overtime violations, pursuant to the FLSA, against Maguire Chrysler, Dkt. No. 1 ¶¶ 63–68[1], and state law claims for unpaid overtime wages, pursuant to the NYLL, against Maguire Chrysler, *id.* ¶¶ 69–74; negligent supervision and retention against Maguire Chrysler, *id.* ¶¶ 47–54; hostile work environment, sexual harassment, gender discrimination, and retaliation under the NYSHRL against Maguire Chrysler and Rugiero, *id.* ¶¶ 39–46; and assault and battery against Rugiero, *id.* ¶¶ 55–62.

Rugiero failed to answer the complaint, and plaintiff requested an entry of default against him pursuant to Federal Rule of Civil Procedure ("Rule") 55. Dkt. No. 20. The Clerk entered default against Rugiero on January 1, 2024. Dkt. No. 22. Then, plaintiff moved for a default judgment against Rugeiro, but failed to state any basis upon which to enter an award of damages. Dkt. No. 31. The Court granted plaintiff's motion as to liability and ordered a stay of proceedings on damages, pending resolution of plaintiff's claims against Maguire Chrysler. Dkt. Nos. 34, 37. Afterwards, the matter was reassigned to this Court for all further proceedings. Dkt. No. 40.

On July 30, 2025, Maguire Chrysler moved for summary judgment on all of plaintiff's claims, pursuant to Rule 56. Dkt. No. 51. Plaintiff opposed. Dkt. No. 55. Once Maguire Chrysler's motion was fully briefed, Dkt. No. 56, the Court heard oral argument.

Decision was reserved.

## II. BACKGROUND

Pursuant to Local Rule 7.1(a)(3), the following facts are drawn from the parties' statements of material facts and are undisputed unless otherwise noted.

---

[1] The complaint is sequentially numbered by line. Accordingly, citations to the pleading correspond with that document's internal pagination.

Maguire Chrysler is "a non-manufacturing dealership primarily engaged in the business of selling automobiles, automobile parts, and other implements to the public, and of servicing automobiles." Dkt. No. 51-1, Defendant Maguire Chrysler's Statement of Material Facts ("Maguire SMF") ¶ 2.

Plaintiff began working at Maguire Chrysler as a parts advisor on June 29, 2022. Maguire SMF ¶¶ 1, 3. Throughout her employment, plaintiff spent "90[-]percent" of her workday selling automobile parts, but her job duties also included "assisting customers with selecting automobile parts, ordering automobile parts for company mechanics and customers to whom she sold automobile parts, and stocking, separating, and issuing parts to mechanics and customers." *Id.* ¶¶ 4–6. While working at Maguire Chrysler, plaintiff earned a base salary of $600.00 per week and received an 80% commission on every part sold. *Id.* ¶¶ 8–9.

Maguire Chrysler furnished a copy of the employee handbook to plaintiff "when she first started working there." Maguire SMF ¶ 10. Plaintiff reviewed Maguire Chrysler's policies on sexual harassment, anti-discrimination, anti-harassment, and non-retaliation, and she knew how to contact Maguire Chrysler's Human Resources Department ("HR"). *Id.* ¶¶ 11–13.

On or about August 11, 2022, plaintiff contacted HR to report that "Rugiero, a non-supervisory coworker, was sexually harassing her." Maguire SMF ¶ 14. According to Maguire Chrysler, plaintiff's written complaint to HR stated that plaintiff had not made any prior reports regarding Rugiero. *Id.* ¶ 16. Plaintiff does not dispute that she had not made any prior reports to *HR* about Rugiero's conduct, but she maintains that she informed her manager, Preston Elkins, ("Elkins"), that Rugiero "was making sexually inappropriate comments to her and about her to

Case 3:23-cv-01008-AJB-ML    Document 57    Filed 12/08/25    Page 4 of 11

other employees." Dkt. No. 55-1, Plaintiff's Response to Maguire SMF ("Pl.'s Resp. SMF") ¶ 16.

That same day, HR investigated, and ultimately substantiated, plaintiff's complaint against Rugiero. Maguire SMF ¶ 17. Maguire Chrysler's general manager, Urish Kraus, ("Kraus") fired Rugiero immediately. *Id.* ¶ 18. Plaintiff agrees that the HR personnel who investigated her complaint treated her professionally, *id.* ¶ 22, but she disputes that Maguire Chrysler's response to her complaint was sufficient, Pl.'s Resp. SMF ¶ 21. According to plaintiff, Maguire Chrysler took no action in response to the earlier complaints she made to Elkins about Rugiero's conduct. *Id.*

Nearly three months later, on November 1, 2022, Kraus issued a written warning to plaintiff after she took her lunch break without clocking out twice in one week and drove during those breaks, despite having a suspended license. Maguire SMF ¶ 23. Plaintiff maintains that she informed her manager of "issues with the clock in/clock out system [on] the two days referenced in the written warning," and that she "was unaware that her license was suspended." Pl.'s Resp. SMF ¶ 23.

On January 21, 2023, Maguire Chrysler received a written complaint from a customer stating that plaintiff "ordered the wrong part, made inappropriate comments to the customer, failed to issue a return as promised, and was generally unprofessional." Maguire SMF ¶ 24. On January 26, 2023, Elkins issued a written warning to plaintiff based on the customer complaint, and placed her on a 90-day probation. *Id.* ¶ 25. The written warning provided that, while on probation, plaintiff could be fired for any new violations. *Id.* ¶ 26. Plaintiff does not dispute that she received a warning or that she was placed on probation, but she disputes the veracity of the

<968>

customer's allegations against her.  Pl.'s Resp. SMF ¶¶ 24, 26.  According to her, Elkins also doubted the validity of the customer's complaint.  Id. ¶ 25.

On Tuesday, February 14, 2023, Elkins met with plaintiff and "verbally counseled her" on recent performance issues, including "double order[ing] . . . automobile parts" on two dates and quoting and ordering an incorrect automobile part for a mechanic.  Maguire SMF ¶¶ 27–28.  Plaintiff does not dispute that Elkins counseled her on that date, but she denies having performance issues.  Pl.'s Resp. SMF ¶¶ 27–28.  According to plaintiff, she placed the double order "to ensure that the customer received the part as there were computer issues both days," and she quoted and ordered the automobile part that the mechanic requested.  Id. ¶¶ 27–28.  Elkins also counseled plaintiff on "issuing cash invoices without placing the customer's name or phone number on the invoice."  Maguire SMF ¶ 29.  Plaintiff claims that Elkins' counseling was informing her of a new policy with respect to cash invoices, rather than reprimanding her.  Pl.'s Resp. SMF ¶ 29.

The following day, Elkins informed Kraus of plaintiff's reported performance issues.  Maguire SMF ¶ 30.  Kraus decided to terminate plaintiff, but waited until that Friday, February 17, 2023, to do so, consistent with company policy.  Id. ¶¶ 31–32.

On the morning of February 17, 2023, Kraus informed Elkins, for the first time, that he and HR employee Selena Dardia, planned to meet with plaintiff later that day and terminate her employment.  Maguire SMF ¶ 35.  That same morning, plaintiff met with another HR employee, Megan Walker, to lodge a complaint of disability discrimination.  Id. ¶ 36.  Kraus was unaware of plaintiff's meeting with Megan Walker when he fired her later that day.  Id. ¶ 40.

The parties dispute the reason for plaintiff's termination.  Maguire Chrysler maintains that Kraus fired plaintiff because of her recurrent performance issues while on probation.

Maguire SMF ¶ 42.  Plaintiff disputes this, claiming instead that Kraus was aware of her sexual harassment complaint against Rugiero, "baselessly disciplined [her] within two months of [the] complaint," and "purportedly justified [her] termination [based] on false claims of performance issues."  Pl.'s Resp. SMF ¶ 43.  Neither party contends that Kraus fired plaintiff because of the disability discrimination complaint she made to HR on the morning of February 17, 2023, as it is undisputed that Kraus was unaware of that complaint when he fired plaintiff.  Pl.'s Resp. SMF ¶¶ 44, 40.

## III.    LEGAL STANDARD

The entry of summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is considered "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  In conducting this analysis, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-movant.  *Id*. at 255.  Even so, there is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## IV.    DISCUSSION

Plaintiff asserts various claims against Maguire Chrysler, including one federal claim for unpaid overtime wages, pursuant to the FLSA, Dkt. No. 1 ("Compl.") ¶¶ 63–68, and state law claims for unpaid overtime wages pursuant to the NYLL, *id.* ¶¶ 69–74; negligent supervision and retention, *id.* ¶¶ 47–54; and hostile work environment, sexual harassment, gender discrimination,

and retaliation pursuant to the NYSHRL, *id.* ¶¶ 39–46. Maguire Chrysler has moved for summary judgment on all of plaintiff's claims. Dkt. No. 51-11[2] ("Maguire Mem.") at 6. Plaintiff opposes. Dkt No. 55 ("Pl.'s Opp.") at 4.

### A. FLSA Claim

Maguire Chrysler argues that plaintiff's FLSA claim for overtime violations must be dismissed because plaintiff is exempt from FLSA's overtime requirements. Maguire Mem. at 9. In her opposition papers, plaintiff notes that she "does not oppose [Maguire Chrysler]'s motion" as to this claim. Pl.'s Opp. at 4 n.1.

"[P]reparation of a response to a motion for summary judgment is a particularly appropriate time for a non-movant party to decide whether to pursue or abandon some claims or defenses." *Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014). Because plaintiff has expressly abandoned her FLSA claim, it is dismissed.

### B. Remaining State Law Claims

As discussed *supra*, Plaintiff has abandoned her sole federal claim in this action. *See supra* IV.A. Plaintiff has also abandoned her state law claims for negligent retention and supervision and unpaid overtime wages, pursuant to the NYLL. Pl.'s Opp. at 4 n.1. Accordingly, those claims are dismissed, leaving only plaintiff's NYSHRL claims for hostile work environment, sexual harassment, gender discrimination, and retaliation against Maguire Chrysler.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . .—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Ben. Guar.*

---

[2] Pagination to the briefing corresponds to the electronically generated CM/ECF headers.

*Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Chinniah v. Fed. Energy Regul. Comm'n*, 62 F.4th 700, 703 (2d Cir. 2023) (holding same).

Maguire Chrysler contends that it is entitled to summary judgment on plaintiff's remaining state law claims, but argues, alternatively, that the Court should decline to exercise supplemental jurisdiction over them. Maguire Mem. at 19. In response, plaintiff argues that the Court should deny Maguire Chrysler's motion on substantive grounds, but "recognizes [that] the balance of the case law provides that the Court should decline to exercise supplemental jurisdiction." Pl.'s Opp. at 11 n.7.

It is well settled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between . . . parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Only plaintiff's NYSHRL claims remain. The parties disagree as to the applicable legal standard. Pl.'s Opp. at 7–8; Dkt. No. 56 at 13–14. Prior to 2019, "[t]he NYSHRL [wa]s . . . considered analytically identical to its federal counterpart." *Gorman v. Covidien, LLC*, 146 F. Supp. 3d 509, 521 (S.D.N.Y. 2015); *see Baguidy v. Boro Transit Inc.*, 283 F. Supp. 3d 14, 33 (E.D.N.Y. 2017) (noting that "claims for retaliation, discrimination, and hostile work environment are the same under Title VII and the NYSHRL").

But, as plaintiff points out, "the New York legislature amended the NYSHRL in 2019 to make it significantly more favorable to employees and in line with the more liberal New York City Human Rights Law ("NYCHRL")." Pl.'s Opp. at 7; *see Wright v. White Plains Hosp. Med. Ctr.*, 237 A.D.3d 1143, 1145 (2d Dep't 2025) ("As a result of the amendment, the NYSHRL now aligns with the standards of the New York City Human Rights Law."); *see also Syeed v.*

*Bloomberg L.P.*, 235 N.E.3d 351, 354 (N.Y. 2024) (noting that "[b]oth statutes have provisions directing that they be liberally construed to accomplish the remedial purposes that they serve"); *Cobb v. Ellab Inc.*, 2024 WL 1963430, at *5 (N.D.N.Y. May 2, 2024) (D'Agostino, J.) (explaining that courts apply more liberal NYCHRL standard to post-2019 NYSHRL claims).

In light of these changes, courts have "routinely decline[d] to exercise supplemental jurisdiction over a plaintiff's NYSHRL . . . claims after dismissing all federal claims." *Stidhum v. 161-10 Hillside Auto Ave, LLC*, 2025 WL 327973, at *11 (E.D.N.Y. Jan. 29, 2025) (collecting cases); *see also Green v. Gen. Motors*, 2023 WL 3541265, at *8 (W.D.N.Y. May 18, 2023) (declining to exercise supplemental jurisdiction and noting that plaintiff's "NYSHRL claim—which now may be governed by a different standard—is best left to the New York State courts."); *Fitzgerald v. We Co.*, 2022 WL 952963, at *10 (S.D.N.Y. Mar. 30, 2022).

The same reasoning applies here. Further, although "discovery has been completed[,] and the instant case has proceeded to the summary judgment stage, it does not appear that any discovery would need to be repeated if plaintiff's pendent claims were brought in state court." *Murray v. Visiting Nurse Services of N.Y.*, 528 F. Supp. 2d 257, 280–81 (S.D.N.Y. 2007).

In all, the balance of the factors counsels in favor of declining supplemental jurisdiction over plaintiff's NYSHRL claims. *See Norman v. NYU Langone Health System*, 492 F. Supp. 3d 154, 168–69 (S.D.N.Y. 2020) ("Allowing Plaintiff to pursue her [NYSHRL] claims in state court would avoid needless decisions of state law by this Court, which also promotes the interests of comity and justice."), *aff'd*, 2021 WL 5986999 (2d Cir. Dec. 17, 2021) (summary order).

Accordingly, plaintiff's NYSHRL law claims against Maguire Chrysler are dismissed without prejudice to renewal in state court.

### C. Claims against Rugiero

As noted *supra*, before this matter was reassigned, the Court entered an order directing entry of a partial default judgment against Rugiero as to liability. Dkt. No. 34. After the partial default was entered, the Court granted plaintiff's request for a stay of proceedings on the issue of damages, pending resolution of plaintiff's claims against Maguire Chrysler. Dkt. No. 37.

Now that the Court has granted Maguire Chrysler's motion for summary judgment, in part, and declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims, *see supra* Point IV.A–B, all that is left for the Court to consider is the partial default judgment against Rugiero.

The Second Circuit recently clarified that "a default judgment . . .—which pertain[s] only to liability, with damages yet to be determined—d[oes] not constitute a final judgment 'and therefore should more appropriately be understood as an entry of default.'" *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (quoting *Swarna v. Al-Awadi*, 622 F.3d 123, 140 (2d Cir. 2010)); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order.").

Even after an entry of default, courts routinely decline to exercise supplemental jurisdiction over state law claims asserted against defaulting defendants where, as here, all federal claims in the action have been dismissed. *See, e.g.*, *287 Franklin Ave. Residents' Ass'n v. Meisels*, 2016 WL 8711083, at *2 (E.D.N.Y. Sept. 30, 2016) (vacating entry of default *sua sponte* and declining supplemental jurisdiction over state law claims against defaulting defendants after granting summary judgment in favor non-defaulting defendant on plaintiff's sole federal claim); *Lozada v. Haitech Works LLC*, 2025 WL 2912659 (N.D.N.Y. Oct. 14, 2025) (Nardacci, J.) (denying motion for default judgment on state law claims and declining

supplemental jurisdiction after dismissing federal claims against non-defaulting defendants); *Mohnkern v. Equifax Info. Services, LLC*, 2021 WL 5239902 (W.D.N.Y. Nov. 10, 2021) (same).

Plaintiff's sole federal claim has been dismissed, *see supra* Point IV.A, and plaintiff has only asserted state law causes of action against Rugiero. *See* Compl. ¶¶ 39–46 (hostile work environment, sexual harassment, gender discrimination, and retaliation under the NYSHRL), 55–62 (assault and battery). For the same reasons cited with respect to plaintiff's remaining claims against Maguire Chrysler, *see* Point IV.B, the Court declines to exercise supplemental jurisdiction over plaintiff's claims against Rugiero. Accordingly, those claims are dismissed without prejudice to renewal in state court.

V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Maguire Chrysler's motion for summary judgment is GRANTED as to plaintiff's FLSA claim, plaintiff's NYLL claim, and plaintiff's negligent retention and supervision claim;

2. The entry of default against Gabriel Rugiero is VACATED; and

3. Plaintiff's remaining claims are DISMISSED as to all defendants, without prejudice to renewal in state court.

The Clerk of the Court is directed to:

    a. Vacate the entry of default against Gabriel Rugiero (Dkt. No. 22);

    b. Terminate the pending motion (Dkt. No. 51);

    c. Enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: December 8, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge